1  Michelle R. Ghidotti-Gonsalves, Esq. (Bar No. 232837)
   Cathy A. Knecht, Esq. (Bar No. 226275)
2  LAW OFFICES OF MICHELLE GHIDOTTI
   5120 E. La Palma Avenue, Suite 206
3  Anaheim Hills, CA 92807
   Tel: (949) 354-2601
4  Fax: (949) 200-4381
   mghidotti@ghidottilaw.com
5  cknecht@knechtlawoffices.com
6
7  Attorneys for Creditor
   NATIONAL ASSET DIRECT ACQUISITION, LLC
8
9
10              UNITED STATES BANKRUPTCY COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12              LOS ANGELES DIVISION
13
14

| | |
|---|---|
| In Re: | CASE NO. 2:13-bk-35842-WB |
| Pamela Williams, | Chapter 13 |
| Debtor. | CREDITOR NATIONAL ASSET DIRECT ACQUISITION, LLC'S NOTICE OF MOTION TO DISMISS THE CHAPTER 13 BANKRUPTCY, OR IN THE ALTERNATIVE, TO CONVERT TO CHAPTER 7 OR APPOINT A BANKRUPTCY TRUSTEE |
| | Date: March 12, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 1375<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT JUDGE AND ALL OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on March 12, 2014, at 1:30 p.m. in Courtroom 1375 of the above-entitled Court located at 255 E. Temple Street, Los Angeles, California, 90012, Creditor NATIONAL ASSET DIRECT ACQUISITION, LLC ("Creditor" and/or "NADA") will move this court for an order to dismiss the chapter 13 bankruptcy, or in the alternative, to convert to chapter 7 and/or appoint a bankruptcy trustee and release the subject property from the automatic stay ("Motion").

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f), opposition, if any, to the Motion must be in writing, filed with the Court and served upon all appropriate parties, including NADA's counsel not later than fourteen (14) days prior to the hearing on the Motion. Failure to timely file and serve objections may be deemed a waiver of the same Local Bankruptcy Rule 9013-1(h).

The Motion to Dismiss is based on the following grounds:

This bankruptcy reveals every indication that it has been interposed by debtor Pamela Williams ("Debtor" and/or "Williams") in bad faith for the purpose of hindering the collection efforts of creditor NADA, and to prevent enforcement of the State Court's ruling on Debtor's application for a Temporary Restraining Order and Injunction, as well as its ruling on the Demurrer to Debtor's sham state court Complaint. Debtor has continuously and systematically abused the courts to avoid her financial obligations and stall enforcement of NADA's Deed of Trust. Specifically, the relationship between Debtor and NADA is regulated by a promissory Note and Deed of Trust, which is secured by Debtor's residence. Debtor defaulted on her loan payments owed to NADA over four years ago, has been reviewed for alternative programs to foreclosure on numerous occasions, was offered a loan modification, has previously filed for bankruptcy under Chapter 13, has defaulted on her loan and prior bankruptcy payments, had her husband file Chapter 7 bankruptcy, filed state court proceedings and attempted to obtain an injunction against NADA, and has played "fast and loose" with the Bankruptcy and state courts. Meanwhile Williams still has possession of the subject real property – rent and mortgage free. Additionally, Williams' proposed plan is not feasible, and is clearly nothing more than

yet another stall tactic by Debtor. Accordingly, NADA brings the instant Motion to Dismiss.

Numerous indications reveal that this bankruptcy was filed in bad faith. Substantial credible evidence reveals that (1) there is no realistic possibility of an effective reorganization; (2) Williams filed the petition as a forum shopping device to avoid the Court's ruling on her Application for a TRO/OSC in her state court proceeding; (3) the bankruptcy is essentially a two-party dispute aimed at frustrating NADA and its counsel; (4) Williams has manipulated her financial records; and (5) Williams has filed multiple bankruptcy petitions in an effort to thwart NADA. Other factors and equity support dismissal as well. In the alternative, NADA requests this Court to convert to a Chapter 7 proceeding *sua sponte*, and appoint a trustee for the estate.

**Statement of Facts**

On November 27, 2006, Williams obtained a mortgage loan in the amount of $448,000, which was secured by a Deed of Trust ("DOT") recorded on the Property. NADA is the beneficiary of the DOT. (Amaya Decl., para 2).

Williams defaulted on her mortgage loan payments in 2009, and in February 2010 Williams filed for relief under Chapter 13 of the Bankruptcy Code ("First Bankruptcy"). (Amaya Decl., para 3). A true and correct copy of the docket from the First Bankruptcy is attached to the RJN as Exhibit "1". Thus, the instant Bankruptcy proceeding is not Williams' first filing.

On or near March 22, 2010, Williams submitted an application to NADA for a loan modification, and on or near August 19, 2010, Williams was offered a Loan Modification Agreement reducing the amount of payments for her loan to $2,569.09. (Amaya Decl., para 4).

Thereafter, in October 2012, Williams' Chapter 13 Plan in her First Bankruptcy was confirmed. However, Williams defaulted on her loan and Bankruptcy Plan Payments. In July 2012, following the default of her Bankruptcy plan payments and modified loan payments, NADA obtained relief from the Automatic Stay issued by the Bankruptcy Court. Additionally, the Bankruptcy trustee moved to dismiss Williams' bankruptcy action due to Williams' default of her plan payments. Due to the foregoing, in September 2012, Williams dismissed her Bankruptcy case. (RJN, Exhibit "1"; Amaya Decl., para 5).

Immediately after dismissing her Bankruptcy in September 2012 (after the default of her plan

1  payments and NADA obtaining relief from the automatic stay), Williams was again reviewed for a
2  loan modification and other workout options, and any foreclosure proceedings were postponed.
3  However, Williams did not qualify for a loan modification. Thus, on December 12, 2012, after the
4  review of Williams' application for a loan modification was completed, and her application was
5  denied, a Notice of Default ("NOD") was recorded on the property.    (Amaya Decl., para 6).

6  Williams also obtained the services of "Keep Your Home California" ("KYHCA") to assist
7  her with obtaining a loan modification. In early 2013, KYHCA informed Williams that she was
8  ineligible for any benefits in relation to the subject loan. (Amaya Decl., para 7).

9  In February 2013, Williams was again reviewed by Defendants to determine what, if any,
10 programs that she qualified for as an alternative to foreclosure. In fact, Williams admits that she went
11 "back and forth" with Defendants throughout the month of February 2013 regarding various loan
12 workout options. Williams did not qualify for a loan modification, however, Williams did qualify for
13 a Reinstatement Program. In fact, pursuant to the system notes for the subject loan, NADA spoke to
14 Williams via telephone on five occasions through March 2013 to explain the foreclosure alternatives
15 that were available to her. However, Williams rejected any such program and on March 14, 2013,
16 after finishing the review of any applications from Williams for loan workout options, a Notice of
17 Sale ("NOS") was recorded on the property. (Amaya Decl., para 8).

18 Williams was also referred by Defendants to Montash Mortgage Company, a third party that
19 specializes in short sale refinances, as another alternative to foreclosure. Williams worked directly
20 with Montash, and on or near March 28, 2013, NADA received an offer from Montash to finance a
21 short sale of the property. However, Williams only qualified for a loan from Montash that consisted
22 of payment in the amount of 55% of the outstanding balance owed on the loan, which was only
23 approximately 60% of the fair market value of the property. NADA was unwilling to accept any such
24 offer for short sale "because the amount was too low."   (Amaya Decl, para 9).

25 Since Williams' loan review was completed and foreclosure proceedings resumed, and since
26 Williams had already unsuccessfully filed for relief under the Bankruptcy Code to stall foreclosure,
27 this time her husband filed for relief. Specifically, on or near April 2013, Williams' husband, Derrick
28 Williams ("Derrick") filed for relief under Chapter 7 of the Bankruptcy Code, staying any foreclosure

3

1  sale of the property. A true and correct copy of the court docket for Derrick's Chapter 7 filing is
2  attached to the RJN as Exhibit "2".

3  Thereafter, in a further attempt to avoid her financial and contractual obligations, Williams
4  filed an action in State Court alleging a violation of California Civil Code, Section 2923.6 against
5  NADA for the purported failure to review her for loan workout options (the "State Court Action"). A
6  true and correct copy of the Complaint filed in the State Court Action is attached as Exhibit "3" to the
7  RJN. On June 17, 2013, NADA filed a demurrer to the Complaint, which was sustained without
8  leave to amend on July 18, 2013 (the "Demurrer").

9  On July 15, 2013, Debtor filed an Application for a Temporary Restraining Order and OSC re
10 Injunction in the State Court Action. The Court granted the TRO and initially set an OSC for hearing
11 on July 31, 2013. However, the Court continued the OSC hearing to allow another loan modification
12 review. Following this Court's continuance of the OSC, on or near August 29, 2013, Williams
13 submitted her updated financial packet to NADA (the "2013 Packet"). NADA reviewed the 2013
14 Packet and determined (1) the information in the packet was inconsistent with the allegations in the
15 Complaint and Ex Parte Papers filed by Williams in the State Court Action; (2) there had been no
16 material change in Williams' financial circumstances since her 2012 Packet was submitted to NADA;
17 and (3) Williams did not qualify for a loan modification or workout options. (Amaya Decl., para 12).
18 At the hearing on the OSC, the Court denied the OSC and dissolved the TRO. Additionally, the State
19 court ordered that NADA could immediately foreclose on the property. (Amaya Decl., para 13).

20 On the eve of the trustee's sale, Williams filed the instant Chapter 13 petition, which was skeletal.
21 (Amaya Decl., para 14). On January 23, 2014, this Court denied Debtor's proposed Chapter 13 Plan.

22 **The Bankruptcy Court May Dismiss a Chapter 13 Case "For Cause"**

23 Debtor's plan is not feasible. Specifically, Debtor's Plan inaccurately states the amount of
24 arrears owed to NADA. The pre-petition arrears owed to NADA are no less than approximately
25 $107,595.83, as reflected on NADA's proof of claim. As a result, the Plan fails to satisfy 11 U.S.C.
26 §1325(a)(5)(B)(ii). Further, Debtor must increase her Chapter 13 Plan payment to this Creditor to an
27 amount totaling no less than $1,793.63 in order to cure the pre-petition arrears owed to Creditor.

28 Moreover, The Debtor's Chapter 13 Plan payment indicated that for the first 6 months of the

4

plan, Debtor will pay $385.04. Thereafter for the next 44 months of the plan, Debtor will pay $1,947.77 per month. After that time Debtor's plan payment will increase to $2,292.77 for the remaining 16 months of the life of the Chapter 13 Plan. Debtor's plan payment is to increase by 600% after six months, however Debtor offers no explanation for where she will obtain this additional income. On line 17 of Schedule I, the Debtor is to describe any decrease or increase in income reasonably anticipated to occur. However, Debtor's Schedule I does not provide for an increase in income which would make the increased plan payment possible. Therefore, Debtor's Chapter 13 Plan is not feasible as Debtor will not be obtaining additional income to provide for the increased plan payment. Accordingly, NADA objected to the Confirmation of Debtor's Plan. (Doc No.16). Additionally, the Standing Chapter 13 Trustee objected to the confirmation of the Debtor's Plan. (Doc No. 22). On January 23, 2014, this Court denied the confirmation of the Plan.

The unfeasibility of the Debtor's Plan is evidence of Debtor's bad faith in filing the instant bankruptcy petition, to thwart the ruling on the OSC and enforcement of the DOT – meanwhile remaining in the property mortgage and rent free. Thus, this Court should dismiss the instant bankruptcy action.

Here, the evidence also reflects that the instant bankruptcy filing was contemplated for one purpose: to delay and hinder NADA from enforcing its DOT following the State Court's ruling on the Demurrer and TRO/OSC, and from collecting on NADA's judgment from the State Court. Immediately after the state court denied Debtor's TRO/OSC, and sustained NADA's demurrer without leave to amend, Debtor filed a skeletal petition with this Court. Thereafter, Debtor filed a proposed Chapter 13 Plan that misstates the arrears on the subject loan, and which is not feasible. Thus, it is clear that Debtor's only intent with filing the instant Petition is to further delay collection on the DOT and avoid foreclosure, which Debtor has been doing since 2009! This Court should not condone Debtor's bad faith tactics, and should dismiss the Petition.

In Debtor's financial packet provided to NADA on October 17, 2013, Debtor set forth that she had $6,000 in cash, $2,500 in furniture, $1,600 disability income (Debtor stated in her hardship letter that she was no longer disabled and expected to become employed in late 2013), for a total income of $5,600 and total assets of $8,500. However, in her Bankruptcy schedules, which were filed less than

5

one month later, on November 12, 2013, Debtor listed $3,000 in cash, $1,346 in furniture, $2,800 disability, and $3,479 for her husband's income, for a total income of $6,279.13 and total assets of $4,345. (Amaya Decl, para 15). Noteworthy, Debtor increased her purported disability payments by $1,200 per month. Thus, Debtor's Schedules and financial statements for her loan modification review are inconsistent. (Similarly, in her state court Complaint and moving papers for a TRO/OSC, Debtor's allegations regarding her financial condition were inconsistent with the information provided in her financial packet[1]). Thus, it is clear that Debtor misrepresents her financial situation as she deems fit to suit her needs, whether it be to qualify for a loan modification or to obtain a minimal Chapter 13 plan payment. Such tactics constitute bad faith, and justifies dismissal of her Petition.

As set forth supra, Williams previously filed a Chapter 13 petition, which she defaulted on her plan payments and dismissed; and her husband filed a Chapter 7 bankruptcy petition, which stayed NADA's foreclosure. Thus, the instant petition is not Williams first filing for relief under the Bankruptcy Code, and it is clearly nothing more than yet another stall tactic to avoid her financial responsibilities. Clearly the instant Bankruptcy was filed in bad faith, and should be dismissed.

As discussed, it is clear that the filing of the instant Chapter 13 Petition was done to thwart the TRO/OSC and NADA's collection of the DOT. Debtor has not filed a feasible plan or reorganization, and it is nothing more than another stall tactic. Furthermore, the proposed Plan only provides for payment of 4% of unsecured creditors. The bankruptcy is preventing NADA from seeking redress for Williams' sham pleading in state court, her attempt to obtain a TRO/Injunction, as well as her efforts to stall enforcement of the DOT. A 4% payment plan is insufficient to remedy this harm or the bad faith nature of this filing. Accordingly, the motion to dismiss should be granted.

In the alternative to dismissing the case, NADA requests this court to convert the bankruptcy to a chapter 7 proceeding *sua sponte,* and/or appoint a trustee to protect the creditors rights herein.

---

[1] Debtor set forth, in the Hardship Affidavit contained in her 2013 Packet submitted to NADA, that her income was reduced, her cash reserves are insufficient, and her expenses have increased. However, in her State Court Application for a TRO and underlying Complaint, Debtor contended that her financial situation had improved since her last review. In fact, Debtor contended in her moving papers that her expenses have decreased due to her spouse's bankruptcy discharge in July 2013, and her spouse's income had increased. However, this is contrary to what was set forth in Debtor's 2013 Financial Affidavit.

6

1  The reasons are similar to those set forth above in support of dismissal. However, particularly of note
2  is that reorganization would be entirely ineffective and dilatory, with no possibility of reorganization,
3  as it is not feasible that Debtor will even be able to make the plan payments.  Accordingly, the instant
4  case should be converted to one under chapter 7 and/or a trustee should be appointed forthwith.
5  　　　Alternatively, and based on the bad faith of Debtor as discussed supra, this Court should
6  release the subject property from stay so that NADA may enforce its DOT.  As set forth herein, there
7  is no equity in the property and the state court found Debtor's wrongful foreclosure claims to be
8  legally deficient, thereby sustaining the demurrer without leave to amend and denying Debtor an
9  injunction.  Specifically, there is $527,349.37 owed on the subject Note and DOT, and Debtor has
10 listed the value of the property as $417,652.00.  (See, Debtor's Schedule A; NADA's POC).
11 Accordingly, this Court should similarly release the subject real property from the automatic stay.
12 　　　More information on the Motion can be obtained by contacting attorney Cathy A. Knecht at the
13 Law Offices of Michelle Ghidotti,  5120 E. La Palma Avenue, Suite 206, Anaheim Hills, California,
14 92807, telephone number (949) 354-2601.

　　　　　　　　　　　　　　　　　　　LAW OFFICES OF MICHELLE GHIDOTTI

Dated: January 28, 2014　　　　　By:　　/s/ Michelle R. Ghidotti-Gonsalves
　　　　　　　　　　　　　　　　　　　Michelle R. Ghidotti Gonsalves, Esq.
　　　　　　　　　　　　　　　　　　　Cathy A. Knecht, Esq.
　　　　　　　　　　　　　　　　　　　Attorneys for Creditor
　　　　　　　　　　　　　　　　　　　NATIONAL ASSET DIRECT ACQUISITION, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 5120 E. La Palma Avenue, Suite 206, Anaheim Hills, CA 92807.

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR NATIONAL ASSET DIRECT ACQUISITION, LLC'S NOTICE OF MOTION TO DISMISS THE CHAPTER 13 BANKRUPTCY, OR IN THE ALTERNATIVE, TO CONVERT TO CHAPTER 7 OR APPOINT A BANKRUPTCY TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 28, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   - Nancy K Curry (TR)    ecfnc@trustee13.com
   - Marian Garza    ecfnotices@ascensioncapitalgroup.com
   - Michelle R Ghidotti    mghidotti@ghidottilaw.com, jlavayen@ghidottilaw.com
   - Joseph R Manning    joe@manninglawoffice.com, bkecf@manninglawoffice.com;katiet@manninglawoffice.com
   - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) January 28, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor - Pamela Williams, 3326 Silva Street, Lakewood, CA 90712-3016
Hon. Julia W. Brand, U..S. Bankruptcy Court, 255 E. Temple Street, Suite 1382, Los Angeles, CA 90012-3332
THOSE LISTED ON THE ATTACHED CREDITOR MAILING MATRIX

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 28, 2014 | Christina Valenzuela | *(signature)* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0973-2<br>Case 2:13-bk-35842-WB<br>Central District Of California<br>Los Angeles<br>Tue Jan 28 10:08:17 PST 2014 | BMW Financial Services NA, LLC<br>c/o Ascension Capital Group<br>P.O. Box 201347<br>Arlington, Tx 76006-1347 | Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| Franchise Tax Board<br>Bankruptcy Section MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Los Angeles City Clerk<br>P.O. Box 53200<br>Los Angeles, CA 90053-0200 | National Asset Direct Acquisition, LLC<br>The Law Offices of Michelle Ghidotti<br>5120 E. La Palma Avenue<br>Suite 206<br>Anaheim Hills, CA 92807-2091 |
| United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560<br>WILL BE SERVED VIA ECF | Los Angeles Division<br>255 East Temple Street,<br>Los Angeles, CA 90012-3332 | Asset Acceptance<br>Attn: Bankruptcy Dept.<br>PO Box 2036<br>Warren, MI 48090-2036 |
| Asset Acceptance LLC<br>Po Box 2036<br>Warren MI 48090-2036 | (p)BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 | Capital 1 Bank<br>Attn: Bankruptcy Dept.<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 |
| CarMax Auto Finance<br>225 Chastain Meadows Court<br>Kennesaw, GA 30144-5942 | Carmax Auto Finance<br>Attn: Bankruptcy<br>PO Box 440609<br>Kennesaw, GA 30160-9511 | Citibank<br>PO Box 790034<br>Salt Lake City UT 84130-0295 |
| (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | FCI Lender Services<br>8081 E. Kaiser Blvd<br>Anaheim, CA 92808 | First Premier Bank<br>601 S Minnesota Ave.<br>Sioux Falls, SD 57104-4868 |
| Global Payments<br>Attn: Bankruptcy<br>PO Box 661158<br>Chicago, IL 60666-1158 | Jefferson Capital Systems LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Medicredit Corp<br>1801 California Ave<br>Corona, CA 92881-7251 |
| Medicredit Corp<br>3 City Pl Dr<br>Suite 690<br>Saint Louis, MO 63141-7089 | National Asset Direct Acquisition, LLC<br>13520 Evening Creek Drive North, #4<br>San Diego, CA 92128-8105 | Philadelphia Co Drs<br>34 S 11th St Rm 304<br>Philadelphia, PA 19107-4912 |
| Quantum3 Group LLC<br>PO Box 788<br>Kirkland WA 98083-0788 | Specialized Loan Services LLC<br>8742 Lucent Blvd<br>Ste 300<br>Highlands Ranch, CO 80129-2386 | Specialized Loan Servicing, LLC<br>8742 Lucent Blvd, Suite 300<br>Highlands Ranch, CO 80129-2386 |
| Verizon Wireless Bankruptcy Admin<br>PO Box 3397<br>Bloomington IL 61702-3397 | Joseph R Manning Jr<br>The Manning Law Office APC<br>4667 MacArthur Blvd Ste 150<br>Newport Beach, CA 92660-8860<br>WILL BE SERVED VIA ECF | Nancy K Curry (TR)<br>700 S Flower Street, Suite 1215<br>Los Angeles, CA 90017-4114<br>WILL BE SERVED VIA ECF |

Pamela Williams
3326 Si~~x~~ Street
Lakewood, CA 90712-3016
DUPLICATE

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BMW Financial Services<br>Attn: Bankruptcy Dept.<br>PO Box 3608<br>Dublin, OH 43016 | (d)BMW Financial Services NA, LLC<br>P.O. Box 3608<br>Dublin, OH 43016 | Citibank Usa<br>Citicorp Credit Services<br>Attn: Centralized Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    30
Bypassed recipients     1
Total                  31